**DUNCAN FIRM, P.A.**
James H. Bartolomei III (CA Bar 301678)
james@duncanfirm.com
809 W. 3rd Street
Little Rock, Arkansas 72201
Telephone: (501) 228-7600
Fax: (501) 228-0415

**LAW OFFICES OF MICHAEL P. MANAPOL**
Michael P. Manapol (SBN 258300)
michael@manapollaw.com
P.O. Box 252
Coppell, Texas 75019
Telephone: (310) 467-7283

Attorneys for Plaintiff
HUGH KRETSCHMER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| HUGH KRETSCHMER, an individual,<br><br>*Plaintiff,*<br><br>v.<br><br>RUSS MY WAY, INC., a California corporation; and DOES 1–10, inclusive,<br><br>*Defendants.* | Case No. 2:26-cv-_____<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501); AND<br><br>(2) FALSE COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. §§ 1202(a), 1203)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Hugh Kretschmer, for his complaint against Defendant Russ My Way, Inc. and DOES 1–10, inclusive, alleges upon personal knowledge as to his own conduct, and on information and belief based on the investigation of Plaintiff's counsel as to all other conduct alleged herein, as follows.

## I. INTRODUCTION

1. This is a civil action for damages and injunctive relief arising under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act" or the "Act"), and under 17 U.S.C. §§ 1202 and 1203 for the

COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

provision and distribution of false copyright management information ("CMI"). This Court has original subject-matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.     Plaintiff Hugh Kretschmer is an award-winning professional photographer. Defendant Russ My Way, Inc. is the record label and loan-out company owned and controlled by the recording artist Russell Vitale, professionally known as "Russ." Beginning in or about 2015 and continuing for approximately eleven years, Defendant copied Plaintiff's copyrighted photograph titled *Boxing Gloves* (the "Photo") and exploited it, without license or permission, as the cover artwork for the commercially distributed sound recording "Talk Up" by Russ featuring the artist Bugus (the "Recording"), causing the Photo to be reproduced, distributed, and publicly displayed on every major digital streaming platform. Defendant also caused a false copyright notice identifying "Russ My Way, Inc." as the copyright owner to be provided and distributed in connection with the Recording and its cover artwork.

## II. PARTIES

3.     Plaintiff Hugh Kretschmer ("Plaintiff" or "Kretschmer") is an individual and a professional photographer residing in Los Angeles County, California.

4.     Defendant Russ My Way, Inc. ("Defendant" or "RMW") is a California corporation (California Entity No. 3916919) with its principal place of business at 21031 Ventura Blvd., Suite 550, Woodland Hills, California 91364, within this District, where it may be served. On information and belief, Russell Vitale is RMW's sole officer (Chief Executive Officer, Secretary, and Chief Financial Officer) and sole director, and RMW is the entity through which Vitale releases and commercially exploits his sound recordings and musical compositions.

5.     Plaintiff is unaware of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues those defendants by

such fictitious names. Plaintiff is informed and believes that each of the DOE defendants is responsible in some manner for the acts and occurrences alleged herein. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the DOE defendants when they are ascertained.

### III. JURISDICTION AND VENUE

6.　This Court has original subject-matter jurisdiction over Plaintiff's claims for copyright infringement and violations of 17 U.S.C. § 1202 pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (acts of Congress relating to copyrights).

7.　This Court has personal jurisdiction over Defendant because Defendant is incorporated in the State of California, maintains its principal place of business in this District, and committed the acts complained of herein in this District and the State of California.

8.　Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) because Defendant resides and may be found in this District, and pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and a substantial part of the events giving rise to the claims occurred in this District.

9.　Assignment to the Western Division is proper because Defendant's principal place of business is located in Los Angeles County, California.

### IV. FACTUAL ALLEGATIONS

**A. Kretschmer and the Copyrighted Photo**

10.　Kretschmer is a well-known, award-winning photographer who has published books, sold his works commercially, and produced gallery prints. He has created commissioned works for clients such as Old Spice, Kohler, Sony, Toyota, and Penn & Teller, and has been commissioned by leading magazines such as Vanity Fair, The New York Times Magazine, Esquire, Time, Fortune, GQ, and National Geographic for numerous photography assignments.

COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

11.     Kretschmer's images have been recognized worldwide and honored by the International Photography Awards, American Photography, the Siena Awards, Graphis, the Society of Publication Designers, Communication Arts, and Photo District News. His work has been exhibited in galleries in Paris, São Paulo, Berlin, Serbia, Dubai, New York, and Los Angeles, and was the subject of a retrospective at the Hoban Museum in Seoul, South Korea, in 2021. His work is displayed in the archives of the 9/11 Memorial & Museum at Ground Zero and in the Library of Congress.

12.     Kretschmer created the Photo, titled *Boxing Gloves*, which he first published in November 2005. The Photo is depicted below:



13.     The Photo was registered with the United States Copyright Office effective November 27, 2019, under Registration No. VA 2-185-628, as part of a group registration of published photographs titled *HK2005 Photo Collection*, each authored and owned by Kretschmer.

14.     Plaintiff is, and at all relevant times has been, the sole owner of all right, title, and interest in and to the Photo, including the copyright therein.

15. Plaintiff licenses his works, including the Photo, under a "rights-managed" licensing model, in which each license is limited in duration, scope, and medium, and each separate use requires a separate license. Plaintiff's documented licensing history includes license fees of $7,000 or more for a single limited-term license of a single work.

16. Plaintiff has never licensed the Photo to Defendant, Russell Vitale, or any entity associated with either of them, and has never authorized any of them to reproduce, distribute, publicly display, or otherwise exploit the Photo for any purpose.

**B. Defendant's Unauthorized Copying and Exploitation of the Photo**

17. Russell Vitale, professionally known as "Russ," is a recording artist. In or about 2015, Vitale wrote and recorded the single "Talk Up," featuring the artist Bugus. The Recording was released and commercially exploited by and through Defendant RMW, which claims ownership of the sound recording and the musical composition embodied therein.

18. On information and belief, and as Defendant's counsel has acknowledged in writing, in or about 2015 Defendant located a copy of the Photo on the website Tumblr and copied it without Plaintiff's license, permission, or knowledge.

19. Defendant used the Photo as the sole cover artwork for the Recording and, through its digital distributor, TuneCore, Inc. ("TuneCore"), caused the Photo to be reproduced, distributed, and publicly displayed in connection with the Recording on every major digital service provider ("DSP"), including, without limitation, Pandora, Spotify, Apple Music, Amazon Music, and YouTube Music (collectively, the "Uses").

20. Defendant's infringing cover artwork for the Recording, as distributed to the DSPs and embodying the Photo, is depicted below:

COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT



21.    Defendant's Uses of the Photo were continuous and uninterrupted for approximately eleven (11) years, from in or about 2015 until in or about April 2026.

22.    A screenshot of one of the Uses — Defendant's display of the Photo as the artwork for the Recording on Pandora's digital music service at https://www.pandora.com/artist/russ/talk-up-single-explicit/talk-up-feat-bugus/TRZn44dl3JZgrwV — is shown below:

COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

23.    Plaintiff discovered the Uses in or about March 2026. On March 27, 2026, Plaintiff, through counsel, sent a written notice of claim, takedown demand, and evidence-preservation demand to Defendant and to Pandora Media, LLC.

24.    After receiving Plaintiff's notice, Defendant caused the Photo to be removed from the artwork for the Recording through TuneCore. Defendant has nonetheless refused to fairly compensate Plaintiff for more than a decade of unauthorized commercial exploitation of the Photo.

25.    Defendant earned revenue from the Recording throughout the period of the Uses, during which the Photo served as the Recording's complete visual identity on the DSPs. The full extent of Defendant's revenues attributable to the Uses will be established through discovery.

COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

26. Where an infringer, instead of obtaining permission and paying an agreed licensing fee, uses a copyrighted work without permission and without compensating the copyright owner, the copyright owner suffers actual damages, because the owner was legally entitled to exact a fee for such uses.

27. Plaintiff's actual damages under 17 U.S.C. § 504(b) are measured by, among other things, the fair market value of the license fees Defendant would have been reasonably required to pay for its eleven years of Uses of the Photo, determined by reference to established rates regularly paid in the market and by such factors as the type of use, size of use, medium, and circulation, together with disgorgement of Defendant's profits attributable to the infringement.

28. Whether Defendant would in fact have negotiated with Plaintiff or paid Plaintiff's price is irrelevant to the availability of hypothetical-license damages, which assume rather than require a willing buyer and willing seller.

**C. Defendant's Provision and Distribution of False Copyright Management Information**

29. When Defendant submitted the Recording and the infringing cover artwork to TuneCore for distribution to the DSPs, Defendant knowingly entered and provided "Russ My Way, Inc." as the copyright owner in the metadata accompanying the Recording and its artwork and thereby caused a copyright notice in the form "© Russ My Way, Inc." (or substantially similar) to be conveyed and displayed by the DSPs in connection with the Recording and the Photo.

30. The name of the copyright owner and the copyright notice described above constitute copyright management information within the meaning of 17 U.S.C. § 1202(c), because they were conveyed in connection with copies and public displays of the Photo.

31. That CMI was false. Defendant has never owned, and has never held any license to, any copyright interest in the Photo.

COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

32.     Defendant knew the CMI was false. Defendant knew that it found the Photo on Tumblr, that the Photo was created by someone else, and that it had never sought, obtained, or paid for any license or assignment of rights in the Photo.

33.     On information and belief, Defendant provided and distributed the false CMI knowingly and with the intent to induce, enable, facilitate, or conceal infringement: attributing copyright ownership of the artwork to Defendant itself made the Uses appear licensed and authorized to the public, to the DSPs, and to rights-holders such as Plaintiff, thereby concealing the infringing nature of the Uses and preventing or hindering Plaintiff's ability to discover the infringement for over a decade.

34.     Defendant's false-CMI conduct continued without interruption for approximately eleven years, during which Vitale rose from an independent artist to an internationally prominent recording artist, signed with a major record label, retained counsel and other sophisticated music-industry professionals, and, on information and belief, personally negotiated and paid substantial fees — including $10,000 per album — to license cover artwork from other artists for his subsequent releases. Throughout that same period, and with full knowledge of standard industry licensing practices for cover artwork, Defendant continued to distribute and display the false CMI identifying itself as the copyright owner of artwork embodying Plaintiff's Photo.

35.     Each provision and each distribution of the false CMI in connection with the Recording and the Photo, including through each DSP to which Defendant caused the false CMI to be delivered, constitutes a separate violation of 17 U.S.C. § 1202(a).

36.     Given that Defendant lacks any license agreement with Plaintiff or other cognizable defense, and because Defendant refused Plaintiff's good-faith pre-suit attempts to resolve this matter, Plaintiff had no choice but to file this action to protect his rights and seek fair and just compensation.

## V. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (Copyright Infringement, 17 U.S.C. §§ 106 and 501)

37. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

38. Plaintiff owns a valid and subsisting copyright in the Photo, registered under Registration No. VA 2-185-628.

39. Plaintiff never authorized Defendant, or any of its owners, officers, agents, employees, contractors, distributors, or licensees, to use, copy, reproduce, publicly display, distribute, license, manipulate, or otherwise commercially exploit the Photo.

40. Defendant directly infringed Plaintiff's exclusive rights under 17 U.S.C. § 106 by reproducing, distributing, publicly displaying, and creating derivative works from the Photo, and by causing the Photo to be reproduced, distributed, and publicly displayed on the DSPs in connection with the Recording, all without Plaintiff's authorization.

41. Defendant is further liable for contributory and/or vicarious infringement to the extent the Uses were carried out by Defendant's agents, distributors, or others acting at its direction, because Defendant had the right and ability to supervise and control the infringing conduct, obtained a direct financial benefit therefrom, and knowingly induced, caused, or materially contributed to it.

42. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered actual damages, and Defendant has obtained profits attributable to the infringement. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover his actual damages — including the fair market value of the license fees Defendant would have been required to pay for the Uses — together with disgorgement of Defendant's profits attributable to the infringement, in amounts to be proven at trial.

COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

43.     Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by this Court, and Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyright in the Photo by Defendant and all persons acting in concert with Defendant.

## SECOND CAUSE OF ACTION

### (False Copyright Management Information, 17 U.S.C. §§ 1202(a) and 1203)

44.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

45.     Defendant, knowingly and with the intent to induce, enable, facilitate, or conceal infringement, provided copyright management information that is false, in violation of 17 U.S.C. § 1202(a)(1), by entering and providing "Russ My Way, Inc." as the copyright owner in the metadata and copyright notice conveyed in connection with copies and public displays of the Photo.

46.     Defendant, knowingly and with the intent to induce, enable, facilitate, or conceal infringement, distributed copyright management information that is false, in violation of 17 U.S.C. § 1202(a)(2), by causing the false copyright notice to be distributed to and displayed by every major DSP in connection with the Recording and the Photo, continuously, for approximately eleven years.

47.     Defendant acted with the requisite knowledge and intent: Defendant knew it did not own or have any license to the Photo; Defendant knew the CMI it provided identified Defendant as the copyright owner; and Defendant provided and distributed that false CMI intending that the Uses appear authorized, thereby inducing, enabling, facilitating, and concealing its own infringement of the Photo, and preventing or hindering Plaintiff's discovery of the infringement.

48.     By reason of Defendant's violations of 17 U.S.C. § 1202(a), Plaintiff has been injured and is entitled to recover his actual damages and any additional profits of Defendant attributable to the violations pursuant to 17 U.S.C. § 1203(c)(2),

or, alternatively, at Plaintiff's election made at any time before final judgment is entered, statutory damages of not less than $2,500 and not more than $25,000 for each violation pursuant to 17 U.S.C. § 1203(c)(3)(B). Discovery may reveal additional violations not presently known to Plaintiff.

49.     Plaintiff is entitled to recover his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4) and (b)(5).

50.     Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is entitled to an injunction pursuant to 17 U.S.C. § 1203(b)(1) restraining Defendant, its officers, directors, agents, employees, representatives, and all persons acting in concert with Defendant, from further violations of 17 U.S.C. § 1202.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant Russ My Way, Inc. and DOES 1–10 as follows:

a.     Awarding Plaintiff his actual damages, including the fair market value of license fees for Defendant's Uses of the Photo, and disgorgement of all of Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), in amounts to be proven at trial;

b.     Awarding Plaintiff, at his election, statutory damages of up to $25,000 for each violation of 17 U.S.C. § 1202(a), pursuant to 17 U.S.C. § 1203(c)(3)(B), or Plaintiff's actual damages and Defendant's profits attributable to such violations pursuant to 17 U.S.C. § 1203(c)(2);

c.     Granting Plaintiff permanent injunctive relief pursuant to 17 U.S.C. §§ 502 and 1203(b)(1), enjoining Defendant, its officers, agents, servants, employees, and all those acting in concert with it, from reproducing, distributing, publicly displaying, or otherwise exploiting the Photo, and from further violations of 17 U.S.C. § 1202;

- 12 -

d.   Awarding Plaintiff his reasonable attorneys' fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (b)(5), and as otherwise permitted by law;

e.   Awarding Plaintiff prejudgment interest to the maximum extent permitted by law; and

f.   Awarding such other and further relief as the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1, Plaintiff respectfully demands a trial by jury of all claims and issues so triable.

Dated: July 13, 2026                    Respectfully submitted,

**DUNCAN FIRM, P.A.**

*/s/ James H. Bartolomei III*
James H. Bartolomei III

**LAW OFFICES OF MICHAEL P. MANAPOL**
Michael P. Manapol

Attorneys for Plaintiff
HUGH KRETSCHMER

- 13 -
COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT